# William M. Gwin *v.* R. P. Melmoth.

A party has no right to build a house so near his neighbor as to *immediately obstruct* the passage of either light or air; but the mere *tendency* to obstruct the free passage of the one or the other, has never been considered sufficient to warrant the restraining process of a court of equity.

In cases of nuisance, this court interferes only where the complainant's rights are clear, either from contract or ancient possession, on the ground of preventing irreparable mischief; and the thing complained of must be directly and immediately hurtful.

If the thing sought to be prohibited is in itself a nuisance, the court will interfere; but where the thing sought to be restrained is not unavoidable and in itself noxious, but only something which may, according to circumstances, prove so, then the court will refuse to interfere until the matter has been tried at law.

The facts of this case are embodied in the opinion of the court.

E. M. YERGER for complainant.

GUION & SMEDES for defendant.

The CHANCELLOR,

This case was submitted upon a general demurrer to the bill. The complainant alleges that he is the owner of a certain valuable frame house and lot in the city of Vicksburg, which he bought some eighteen months since, as a family residence, and has accord‐ingly used and occupied it for that purpose from the date of his purchase; that the house was erected a considerable number of years previous to his purchase; that the defendant is the owner of an adjoining lot, and has recently removed a house thereon, to the rear of said lot, so as to bring it nearly in contact with a frame fence, built as a protection and as a boundary to complainant's lot; that this removal of the defendant's house to its present position "is of great inconvenience to plaintiff and his family in the enjoy‐ment of their rights, preventing and obstructing the free passage

of the air, and affecting them in other matters of convenience and enjoyment;" that the defendant is erecting a chimney on that side of his house which adjoins the complainant's said fence; that the chimney, when erected, will place the complainant's dwelling house and out-houses in hourly danger of being consumed by fire; that the top of the chimney, when completed, will be in a few feet of the roof of the complainant's kitchen, and that sparks of fire therefrom will easily communicate to his premises, and thus destroy his houses and endanger the lives of his family.

A temporary injunction was granted against the erection of the chimney, which is prayed to be made perpetual. The obstruction to the free passage of the air complained of in the bill, it seems to me, is nothing more than what every person subjects himself to who takes a residence in a crowded city. It can scarcely be asserted that the right to the enjoyment of a free circulation of air belongs to a citizen of a large town. The circulation of air is obstructed and confined in every city in proportion as it is compactly built. It is true that a party has no right to build a house so near his neighbor as to immediately obstruct the passage of either light or air; but the mere tendency to obstruct the free passage of the one or the other, has never been considered sufficient to warrant the restraining process of a court of equity.

The other ground taken in this bill is, I think, equally unsustainable. It is impossible to say that the danger of fire, from the proximity of buildings in a city, can be made the grounds for preventing men from improving and enjoying their property in such mode as their inclination or taste may dictate. In the laying out of cities or large towns, lots are frequently limited to a space not more than sufficient to admit of the buildings necessary for the purposes of a family residence, or for the purposes of trade or commerce. If the dangers from fire, resulting from such close neighborhood, were held to constitute that sort of nuisance amounting to irreparable injury, against which courts of equity interpose, the result would be that the first occupant of a lot would virtually possess himself of the adjoining lot belonging to his neighbor, or at least render it valueless by restraining him from the enjoyment of it. The danger from fire in such cases

William M. Gwin *v.* R. P. Melmoth,

would depend upon such a variety of circumstances and accidents as to defy the application of any safe, practical rule. What precise degree of proximity between buildings is to be held as creating *direct* or only remote and probable danger from fire, is a question which, it seems to me, would be extremely difficult, if not impracticable, to determine. In these cases the court interferes upon the ground of preventing irreparable mischief; and the thing complained of must be directly and immediately hurtful. It is not sufficient that it may prove an eventual or contingent nuisance. The plaintiff might guard his kitchen by making a fire proof roof. It is alleged that the top of the defendant's chimney, if erected, will be in a few feet of the roof of the plaintiff's kitchen. This general expression conveys no definite idea either of distance or danger. How many feet is meant by "a few feet?" It may range from two to twenty, and yet preserve the idea of proximity intended to be conveyed. What is the precise distance of danger is left undefined, and is perhaps undefinable when you leave the point of contact. It is said sparks of fire from the chimney would easily communicate to the complainant's premises, and thus destroy his house. The distance of the kitchen from the house is not stated, and, from any thing that appears, the apprehended danger from the communication of fire may be as great from any other part of the square on which the complainant's house is situated as from that of the defendant.

The court only interferes in this class of cases where the complainant's rights are clear, either from contract or ancient possession, and where the injury complained of is direct, not where there is a mere probable or consequential injury. Earl of Ripon *v.* Hobart, 8 Eng. Con. Ch. R. 336.

The language of Lord Brougham in that case is so much in point that I adopt it as embracing my own views in this case in a much more explicit manner than I could state them. He says, "if the thing sought to be prohibited is in itself a nuisance, the court will interfere; but where the thing sought to be restrained is not unavoidably and in itself noxious, but only something which may, according to circumstances, prove so, then the court will refuse to interfere until the matter has been tried at law. The distinction

William M. Gwin *v.* R. P. Melmoth.

between the two kinds of erection is obvious, and the soundness of that discretion seems undeniable which would be very slow to interfere where the thing to be stopped, while it is highly beneficial to one party may very possibly be prejudicial to none."

The complainant has not, I think, stated a case from which direct and unavoidable injury would result to him, but simply shows a state of things from which injury may or may not result, according to circumstances. This is not sufficient.

The demurrer is accordingly sustained and the bill dismissed.